**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20039-10-KHV |
| JOSE VALASCO-VEYRO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the <u>Motion Of Defendant Jose Velasco-Veyro For Reconsideration Of Detention Pending Trial With Suggestions In Support</u> (Doc. #115) filed August 14, 2012. On August 28, 2012, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be released on conditions pending trial.

## Procedural Background

A grand jury charged Jose Valasco-Veyro and ten other defendants with conspiracy to (1) export and send firearms from the United States contrary to federal law and regulation, (2) falsely represent the identity of the actual buyer of firearms in connection with the acquisition of firearms from a licensed firearms dealer, (3) engage in the business of dealing in firearms while not being a licensed firearms dealer, (4) engage in the illegal transportation and receipt of firearms, (5) transfer, sell, trade, transport and deliver firearms while not being a licensed importer, manufacturer, dealer, and collector of firearms, and (6) travel in interstate commerce to acquire, and attempt to acquire, a firearm in violation of federal law. <u>See</u> Indictment (Doc. #1), Count 1. The grand jury also charged defendant with engaging in the business of dealing in firearms while not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

when he sold a firearm to a Missouri resident at a gun show held in Wichita, Kansas. See id., Count 9.

United States Magistrate Judge James P. O'Hara held a detention hearing and on April 24, 2012, he sustained the government's motion for detention. Defendant seeks review of the detention order.

## **Standard of Review**

A defendant may seek review of a magistrate judge's order of detention under 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.[1] Lutz, 207 F. Supp.2d at 1251. The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id.

---

[1] In this case, no presumption of detention applies. Cf. 18 U.S.C. § 3142(e)(3)(A).

at 1252.

## Analysis

Here, the Court takes judicial notice of the Pretrial Services Report and the proffers at the hearing before Magistrate Judge O'Hara and at the review hearing on August 28, 2012.

**I.     Nature And Circumstances Of The Offense**

The charged conspiracy involves illegal firearm transactions including the national and international distribution of firearms contrary to federal law and regulations. Defendant is also charged with the unlawful sale of a firearm to a Missouri resident at a gun show in Kansas. Although the alleged conspiracy involves numerous transactions and firearms both nationally and internationally, Mr. Valasco-Veyro appears to be connected to the conspiracy because of his friendship and firearm transactions with Ramon Chavez in Kansas and the sale of a firearm to a Missouri resident at a gun show in Kansas. The statutory maximum on both charges against defendant is five years in prison. The nature and circumstances of the offenses slightly weighs in favor of detention.

**II.     Weight Of The Evidence**

The government has presented evidence that defendant sold and transferred firearms to Ramon Chavez and helped sell a firearm to a Missouri resident at a gun show in Kansas. The government has presented some circumstantial evidence that defendant engaged in various firearm transactions in violation of federal law, but the proffered evidence is not particularly strong on defendant's intent or knowledge that the transactions were illegal. It also appears that apart from any illegal transactions, defendant has been a collector of firearms for years and has a collection which includes some vintage firearms which are not related to the charged offenses. The weight of

the evidence is neutral – it does not favor detention or release.

**III.     History And Characteristics Of Defendant**

Defendant is 66 years old. He was born in Mexico, but has lived solely in the United States since 1965. He is a naturalized U.S. citizen and has lived in the Wichita, Kansas area since 1986. Defendant has no criminal history. Defendant has been diagnosed with high blood pressure, diabetes, and diabetic neuropathy. He takes prescribed medications for all of these conditions.

Defendant's history and characteristics including his strong family ties to Wichita, Kansas and lack of a criminal history suggest that he is not a flight risk. The Court is concerned that defendant has family ties to Mexico and has regularly traveled to Mexico in the past, but this concern can be addressed with appropriate conditions including the surrender of his passport. Overall, this factor favors release.

**IV.     Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant is a danger to the community.

**V.     Balance Of Factors**

On balance, the Court concludes that the government has not satisfied its burden to show that no set of conditions will reasonably assure defendant's appearance. Accordingly, the Court releases defendant on conditions.

**IT IS THEREFORE ORDERED** that the Motion Of Defendant Jose Velasco-Veyro For Reconsideration Of Detention Pending Trial With Suggestions In Support (Doc. #115) filed

August 14, 2012 be and hereby is **SUSTAINED**.  Defendant Jose Valasco-Veyro shall be released subject to the conditions outlined in a separate release order.

Dated this 30th day of August, 2012 at Kansas City, Kansas.

s/ Beth Phillips
Beth Phillips
United States District Judge
